UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAVI VOODA,

                    Plaintiff,

        v.

JOSEPH B. EDLOW et al.,

                    Defendants.

CASE NO. 2:25-cv-02668-JNW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## 1. INTRODUCTION

This case concerns the alleged unreasonable delay by United States Citizenship and Immigration Services (USCIS) in adjudicating pro se Plaintiff Ravi Vooda's application for adjustment of status based on his participation in the EB-5 Immigrant Investor Program. Dkt. No. 1. Vooda seeks an order compelling USCIS to act, alleging that the agency has unreasonably delayed his pending application for adjustment of status. Before the Court is Defendant Joseph B. Edlow, Director of USCIS, and USCIS's motion to dismiss Vooda's complaint, Dkt. No. 9 for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, in the

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

alternative, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 9.

Vooda is a citizen of India residing in Washington state. Dkt. No. 1 ¶ 9. On or about November 19, 2024, Vooda filed his Form I-526E, Immigrant Petition by Regional Center Investor. Vooda and his wife, Prathibha Muralidharan, also filed Forms I-485, Applications to Register Permanent Residence or Adjust Status. The complaint contains conflicting allegations as to when the I-485s were filed—one paragraph states they were filed concurrently with the I-526E, Dkt. No. 1 ¶ 9, while another alleges a filing date of February 10, 2025, *id.* ¶ 54—but both parties' briefing proceeds under the assumption of a November 19, 2024, filing date, and the Court does the same for purposes of this order.[1] Vooda's i-526E petition was approved on August 15, 2025. *Id.* ¶ 2. Both Form I-485 applications remain pending. *Id.* ¶ 57. Vooda alleges that he has satisfied all the statutory prerequisites for adjustment and that the forms have remained unadjudicated for an unreasonable period, violating the Administrative Procedure Act ("APA"), which requires agencies to conclude matters within a reasonable period of time, 5 U.S.C. § 555(b) and § 706(1).

---

[1] Vooda's complaint requests relief on behalf of Prathibha Muralidharan. Vooda, as a non-attorney, cannot represent another person. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). While there are rare exceptions to this rule, none apply here. Vooda does not claim to be an attorney, the Washington State Bar Association's online lawyer directory, does not list him as a legal professional. Any claims or requests for relief brought on Prathibha Muralidharan's behalf are not properly before the Court and are dismissed, without prejudice. *Johns*, 114 F.3d at 877.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

Vooda argues that USCIS has a clear, non-discretionary duty to adjudicate Form I-485 applications, and that the delay has caused him and his family significant harm, including family separation and restrictions on employment and travel. He asks the Court to issue a writ of mandamus compelling USCIS to adjudicate his and his wife's pending Form I-485 petitions within thirty days. Dkt. No. 1 at 22.

## 2.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction, while a motion under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction and must allege facts sufficient to demonstrate that jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a facial jurisdictional attack, such as the one here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating such a motion, the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party.

## 3.  DISCUSSION

USCIS moves to dismiss Vooda's claims under Federal Rules of Civil Procedure 12(b)(1) and (6) asserting that: (1) the Court lacks subject matter

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 3

jurisdiction because the INA precludes judicial review of Vooda's claims, and (2) Vooda has failed to adequately state an unreasonable delay claim.

Vooda asserts federal jurisdiction under the Administrative Procedures Act and the Mandamus Act. Dkt. No. 1 at 6. The statute codifying the common law "writ of mandamus," 28 U.S.C. § 1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Grondal v. United States*, 37 F.4th 610, 620 (9th Cir. 2022) (quoting *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003)) (emphasis added). "Because 'mandamus relief and relief under the APA are "in essence" the same,' when a complaint seeks relief under the Mandamus Act and the APA and there is an adequate remedy under the APA, [a court] may elect to analyze the APA claim only." *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (quoting *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997)). Here, Vooda seeks the same relief under both of claims—because there is an adequate remedy under the APA, the Court analyzes Vooda's claims under the APA only.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 4

**3.1    The Court has subject matter jurisdiction over Vooda's "pace-of adjudication" claim.**

USCIS argues that the Court must dismiss this case under Fed. R. Civ. P. 12(b)(1) because the Court lacks jurisdiction to compel the adjudication of I-485 adjustment applications under the APA, at 5 U.S.C. §§ 555(b) and 706(1), and under the INA at 8 U.S.C. § 1252(a)(2)(B)(ii). Dkt No. 9 at 6–10. USCIS relies on *Patel v. Garland*, 596 U.S. 328, 348 (2022) and *Zia v. Garland*, 112 F.4th 1194, 1200 (9th Cir. 2024), which dealt with challenges to final decisions on applications for immigration relief under § 1252(a)(2)(B)(i). However, USCIS concedes that neither the Supreme Court nor the Ninth Circuit have addressed pace-of-adjudication claims under § 1252(a)(2)(B)(ii). Dkt. No. 9 at 9. Section 1252(a)(2)(B)(ii) involves the pace of adjudicating not-yet-final applications. Many district courts have recognized this as an important distinction. *Gao v. Mullin*, No. 25-CV-01479-SVK, 2026 WL 948665, at *3 (N.D. Cal. Apr. 8, 2026) (recognizing distinction between *Zia* and *Patel* and case involving pending application that was not yet final); *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *2 (N.D. Cal. Feb. 20, 2026) (same); *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1114 (C.D. Cal. 2025) (extreme and perpetual delays, although not present, may be subject to judicial review).

The Court is aware that several circuits have reached the opposite conclusion, holding that § 1252(a)(2)(B)(ii) strips jurisdiction over pace-of-adjudication claims for I-485 applications. *See* Kanapuram v. Dir. of USCIS, 131

F.4th 1302, 1306–07 (11th Cir. 2025). The Ninth Circuit has not adopted that position.

In the absence of controlling circuit authority, this Court follows the reasoning of many district courts within this circuit, which have held that USCIS has a non-discretionary duty to adjudicate petitions within a reasonable period of time. *Khan v. Johnson*, 65 F. Supp. 3d 918, 924–25 (C.D. Cal. 2014) (collecting cases); *Hassane v. Holder*, No. C10-314Z, 2010 WL 2425993, at *3 (W.D. Wash. June 11, 2010) (agreeing with the "overwhelming majority of district courts" that § 1252(a)(2)(B)(ii) does not bar similar claims of unreasonable delay). As these courts have explained, to "hold otherwise would be to sanction the perpetual delay of governmental obligations that are clearly mandated by law." *Khan*, 65 F. Supp. 3d at 925 (citation modified).

The cases on which USCIS relies are distinguishable. *Patel*, *Zia*, and *Garcia v. USCIS*, 146 F.4th 743 (9th Cir. 2025), each involved judicial review of "factual findings and other preliminary decisions made in connection with final decisions on individual applications for immigration benefits." *See Varniab*, 2026 WL 485490, at *6. Those cases did not address the situation presented here—a pending, unadjudicated application on which the agency has taken no final action. A failure to act on an I-485 application falls within the APA's default rule: "'With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.'" *Gao*, 2026 WL 948665, at *3.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 6

The Court concludes that § 1252(a)(2)(B)'s jurisdictional bar does not apply, and DENIES USCIS's Rule 12(b)(1) motion to dismiss.

**3.2    The delay in adjudication is not unreasonable.**

Even though the Court has jurisdiction, dismissal is appropriate because it is clear on the face of the complaint that the delay does not rise to the level of an APA violation. For cases alleging unreasonable delay in processing immigration applications, courts in the Ninth Circuit apply a six-factor test for determining when an agency delay is unreasonable. These are known as "the 'TRAC factors,' which are named after the case in which they originated, *Telecommunications Research & Action v. FCC* ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984)." *Khan*, 65 F. Supp. 3d at 928. The six factors that the court must balance are:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.*

**3.2.1    The first factor.**

The first factor considers "whether the time for agency action has been reasonable." *Nat. Res. Def. Council, Inc. v. EPA*, 956 F.3d 1134, 1139 (9th Cir.

2020). It is the "most important" factor, "though it, like the others, is not itself determinative." *A Cmty. Voice v. EPA*, 878 F.3d 779, 786 (9th Cir. 2017). As noted above, Vooda's I-485 applications have been pending since November 19, 2024—approximately nineteen months as of the date of this order.

That duration is not unreasonable. For adjustment of status applications, courts have consistently found delays of comparable or far greater length to be reasonable. *See, e.g.*, *Qureshi v. Napolitano*, No. C-11-05814-YGR, 2012 WL 2503828, at *4 (N.D. Cal. June 28, 2012) (collecting cases finding delays of four years or less to be reasonable, finding that delay of five years was unreasonable where government provided no indication of when the plaintiff could anticipate adjudication of petition); *Liu v. Denayer*, No. CV 21-6653-DMG-MRWx, 2022 WL 17370527, at *4 (C.D. Cal. July 18, 2022) (dismissing APA claim, highlighting that 1.5-year delay in adjudicating plaintiff's application for adjustment of status "is simply much shorter than those which courts have typically found to be unreasonable").

In opposition, Vooda alleges that USCIS has not followed a first-in, first-out processing order and identifies comparator cases in which later-filed I-485 applications were adjudicated before his. Dkt. No. 12 at 18–19. Even accepting these allegations as true, a nineteen-month delay falls well within the range courts have found reasonable. Allegations of inconsistent processing order do not, without more, transform a delay of this duration into an unreasonable one.

This factor, the most important one, favors USCIS.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 8

### 3.2.2    The second factor.

The second factor favors USCIS because there is no statutory timeframe by which USCIS must adjudicate Form I-485 applications. Vooda's reliance on the EB-5 Reform and Integrity Act of 2022 and the "sense of Congress" language at 8 U.S.C. § 1571(b) are irrelevant here as neither creates a timeframe by which USCIS must adjudicate Form I-485 applications. This factor also favors USCIS.

### 3.2.3    Third and fifth factors.

The third and fifth TRAC factors look to "the interests prejudiced by the delay," including how it impacts "human health and welfare." *TRAC*, 750 F.2d at 80. Courts typically consider these factors together. *See Najafi v. Pompeo,* 2019 WL 6612222, at *7 (N.D. Cal. Dec. 5, 2019). Vooda contends that he has suffered instability in "employment, unrestricted travel, and long-term planning," inability to obtain a green card, placing his "entire immigration future in jeopardy," "uncertainty and psychological stress," and loss of potential "job offers, business opportunities." Dkt. No. 1 ¶ 80. In opposition, Vooda expands on this, explaining that he has been unable to travel internationally to accompany his wife during a family medical emergency because his immigration status depends on the pending I-485 adjudication. Dkt. No. 12 at 15; Dkt. No. 14 at 7–8. Vooda also contends that the prolonged delay has caused broader family separation. *Id.* at 16 (citing inability to visit close family members abroad).

These concerns are not insignificant, but they are also the kind of hardships common to many applicants awaiting adjustment of status and do not rise to the

human health and welfare harms that would require finding these factors in Vooda's favor. Thus, these factors favor USCIS.

### 3.2.4     The fourth factor.

Under this factor, the court considers "whether compelling the agency to act would detract from its higher or competing priorities." *Vaz*, 33 F.4th at 1138. Vooda alleges that ordering USCIS to adjudicate his application would not prejudice the agency because the filing fee has been paid and USCIS has not indicated that there are higher-priority adjudications or "surge events" that explain the delay. Dkt. No. 1 at 16–17. An order requiring USCIS to adjudicate Vooda's application would both prioritize him at the expense of similarly situated applicants and interfere with USCIS's "discretion in prioritizing its activities and allocating its resources." *Vaz*, 33 F.4th at 1138. This factor favors USCIS.

### 3.2.5     The sixth factor.

The sixth factor is "not really a 'factor,' but merely a confirmation that agency delay need not be intentional to be unreasonable." *Feng v. Beers*, 2014 WL 1028371, at *5 (E.D. Cal. Mar. 14, 2014). The final TRAC factor focuses "not on the delay itself, but whether the reason behind the delay is improper (e.g., intentional, motivated by animus.)" *Infracost Inc. v. Blinken*, 732 F. Supp. 3d 1240, 1257 (S.D. Cal. 2024) (citation omitted). Vooda alleges that the processing times for EB-5 visas are "either omitted entirely or lumped into generic timelines, making them non-transparent and unaccountable." Dkt. No. 1 at 18. In opposition, Vooda raises new arguments about staffing levels at USCIS following "DOGE-coordinated

reductions." Dkt. No. 12 at 17. Vooda does not plausibly allege that lack of data on processing times or USCIS's staff reductions have been the product of impropriety. The sixth TRAC factor typically is either neutral or weighs in the government's favor. *R. v. U.S. Citizenship & Immigr. Servs.*, 2023 WL 9197564, at *5 (C.D. Cal. Dec. 6, 2023). The Court finds this factor is neutral.

In sum, the TRAC factors favor dismissal. Even assuming all allegations as true and construing the complaint in the light most favorable to Vooda, not one of the factors favors Vooda.

USCIS requests dismissal without leave to amend. Dkt. No. 9 at 15. Ordinarily, pro se litigants are granted liberal leave to amend. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988). Given the defects described above, leave to amend would be futile—no additional factual allegations could change the reality that the delay, while understandably frustrating, has not yet reached the duration courts have found actionable.

The dismissal, however, is without prejudice. In dismissing cases for insufficient delay under the TRAC factors, courts in this circuit have explained that while a delay might be reasonable at a given point in time, there may come a point where continued delay becomes unreasonable. *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1070–71 (N.D. Cal. 2014). For that reason, the dismissal is without prejudice.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 11

## 4.  CONCLUSION

Accordingly, Defendants' motion to dismiss Vooda's Complaint is GRANTED. Dkt. No. 9. The Case is DISMISSED WITHOUT PREJUDICE.


Dated this 26th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 12